UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI BESHEER, | ) 1:12-cv—01511-BAM-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION FOR |
| | ) WRIT OF HABEAS CORPUS WITHOUT |
| | ) LEAVE TO AMEND (DOC. 1) |
| v. | ) |
| | ) ORDER DENYING PETITIONER'S MOTION |
| FERNANDO GONZALEZ, Warden, | ) FOR APPOINTMENT OF COUNSEL (DOC. |
| California Correctional | ) 1) |
| Institution, et al., | ) |
| | ) ORDER DECLINING TO ISSUE A |
| Respondents. | ) CERTIFICATE OF APPEALABILITY |
| | ) |
| | ) ORDER DIRECTING THE CLERK TO SEND |
| | TO PETITIONER A CIVIL RIGHTS |
| | COMPLAINT FORM AND TO CLOSE THE |
| | CASE |

Petitioner is a state prisoner proceeding pro se pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on November 5, 2012 (doc. 4). Pending before the Court is the petition, which was filed on

1

September 13, 2012.

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief

1  can be pleaded were such leave granted.  Jarvis v. Nelson, 440
2  F.2d 13, 14 (9th Cir. 1971).
3      Here, Petitioner alleges that he is an inmate housed
4  indeterminately in the security housing unit (SHU) of the
5  California Correctional Institution at Tehachapi, California
6  (CCI) serving a fifteen-year sentence imposed in 2008 in the
7  Superior Court of the State of California, County of San
8  Bernardino.  (Pet., doc. 1 at 1, 3, 20, 28.)  Petitioner
9  complains of limitations on his credit-earning capacity and his
10 conditions of confinement resulting from Petitioner's validation
11 in 2009 as a gang member or associate within the California
12 Department of Corrections and Rehabilitation (CDCR).
13     Petitioner alleges that since the enactment of Cal. Pen.
14 Code § 2933.6, Petitioner's previously calculated release date in
15 2018 was extended to June 2020.  (Id. at 22, 28, 44-45.)
16 Petitioner alleges the following claims in the petition:  1) the
17 CDCR unlawfully applied Cal. Pen. Code § 2933.6(a) in violation
18 of the prohibition against ex post facto laws to Petitioner, who
19 was validated as a gang member before the statute took effect; 2)
20 application of § 2933.6 to Petitioner violated Petitioner's right
21 to due process of law guaranteed by the Fourteenth Amendment
22 because it interfered with sentencing orders, subjected
23 Petitioner to forfeiture of credits, and resulted in loss or
24 limitation of Petitioner's privileges, including visitation,
25 property and canteen, employment or training, communications, and
26 recreation and thereby denied Petitioner life and liberty; 3)
27 Petitioner's right to due process of law was violated because the
28 CDCR failed to allege or prove that any of the communications

3

1  used to support Petitioner's gang validation resulted in criminal
2  conduct, which caused the gang validation to be invalid; 4) the
3  gang validation and resulting loss of credit-earning status
4  violated double jeopardy because Petitioner's association is
5  being used twice to punish Petitioner on a sentence already
6  imposed; 5) Petitioner was deprived of due process of law because
7  the gang validation was not true, and there was no substantial
8  allegation of any association with a specific, valid gang member,
9  or substantiating evidence, but rather only speculation and
10 general allegations based on hearsay and false allegations of the
11 associated gang; 6) Petitioner's right to due process of law was
12 violated because Petitioner was not given notice that what was
13 protected conduct of association could cause him to be criminally
14 responsible; 7) Petitioner's right to due process of law was
15 violated because depriving Petitioner of credits in the absence
16 of criminal conduct does not affect the safety and security of
17 the institution; 8) gang validation and deprivation of the
18 opportunity to earn credit violated Petitioner's state
19 constitutional protections; 9) deprivation of good time credit
20 offends due process unless it is based on a finding that the
21 prisoner had committed serious misconduct; and 10) validating a
22 prisoner as a gang member and then requiring him to "debrief"
23 violates Petitioner's rights under the Fifth Amendment.  (Pet. 6-
24 17.)  Petitioner seeks an order vacating the validation finding,
25 restoring Petitioner's release date of December 18, 2018, and
26 expunging from Petitioner's C-file all references to the
27 validation.  (Id. at 18.)
28      Documents attached to the petition show that Petitioner's ex

4

post facto claim was presented to the Superior Court of the State of California, County of Kern; the Court of Appeal of the State of California, Fifth Appellate District; and the California Supreme Court. (Pet. 22-26.)

II. <u>Legal Standards</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Title 28 U.S.C. § 2254 provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as

5

opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000). It is thus the governing legal principle or principles set forth by the Supreme Court at the pertinent time. Lockyer v. Andrade, 538 U.S. 71-72.

A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, the Supreme Court's or concludes differently on a materially indistinguishable set of facts. Williams v. Taylor, 529 U.S. at 405-06. The state court need not have cited Supreme Court precedent or have been aware of it, "so long as neither the reasoning nor the result of the state-court decision contradicts [it]." Early v. Packer, 537 U.S. 3, 8 (2002). A state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407. An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable. Williams, 529 U.S. at 410.

A state court's determination that a claim lacks merit precludes federal habeas relief as long as it is possible that

6

fairminded jurists could disagree on the correctness of the state court's decision. Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786 (2011). Even a strong case for relief does not render the state court's conclusions unreasonable. Id. In order to obtain federal habeas relief, a state prisoner must show that the state court's ruling on a claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87. The standards set by § 2254(d) are "highly deferential standard[s] for evaluating state-court rulings" which require that state court decisions be given the benefit of the doubt, and the Petitioner bear the burden of proof. Cullen v. Pinholster, 131 S. Ct. at 1398. Further, habeas relief is not appropriate unless each ground supporting the state court decision is examined and found to be unreasonable under the AEDPA. Wetzel v. Lambert, --U.S.--, 132 S.Ct. 1195, 1199 (2012).

In assessing under section 2254(d)(1) whether the state court's legal conclusion was contrary to or an unreasonable application of federal law, "review... is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. at 1398. Evidence introduced in federal court has no bearing on review pursuant to § 2254(d)(1). Id. at 1400. Further, 28 U.S.C. § 2254(e)(1) provides that in a habeas proceeding brought by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct; the petitioner has the burden of producing clear and convincing evidence to rebut the presumption

7

of correctness.  A state court decision that was on the merits and was based on a factual determination will not be overturned on factual grounds unless it was objectively unreasonable in light of the evidence presented in the state proceedings. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### III.  Ex Post Facto Claim

Petitioner argues that applying to him the version of Cal. Pen. Code § 2933.6 that took effect on January 25, 2010, violated the prohibition of ex post facto laws because his gang validation occurred before the effective date of the revised statute.

Effective January 25, 2010, Cal. Pen. Code § 2933.6 was amended to read in pertinent part as follows:

> 2933.6. (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct.
> ....
> (c) This section does not apply if the administrative finding of the misconduct is overturned or if the person is criminally prosecuted for the misconduct and is found not guilty.

(2009-2010 Cal. Stats., 3rd Ex. Sess., ch. 28, § 44 [eff. Jan. 25, 2010].)

The Constitution provides, "No State shall... pass any... ex post facto Law." U.S. Const. art I, § 10, cl. 1.  The Ex Post Facto Clause prohibits any law which: 1) makes an act done before the passing of the law, which was innocent when done, criminal; 2) aggravates a crime and makes it greater than it was when it

8

was committed; 3) changes the punishment and inflicts a greater punishment for the crime than when it was committed; or 4) alters the legal rules of evidence and requires less or different testimony to convict the defendant than was required at the time the crime was committed. Carmell v. Texas, 529 U.S. 513, 522 (2000). The provision ensures fair warning of the effect of legislative acts and permits individuals to rely on the meaning of statutes until they are explicitly changed; it also restricts governmental power by restraining arbitrary and potentially vindictive legislation. Weaver v. Graham, 450 U.S. 24, 28-29 (1981). For a penal law to be ex post facto, it must be both disadvantageous to the offender, and it must be retrospective, that is, it must apply to events occurring before its enactment and change the legal consequences of acts completed before its effective date. Id. at 29, 31.

In Weaver v. Graham, 450 U.S. at 25-26, the state applied to the petitioner a state statute that was passed after the date of the petitioner's offense and that repealed an earlier statute that had stated that gain time credits "shall" be granted; thus, the new statute reduced the amount of gain time awarded for good conduct and obedience to prison rules. Id. at 25-26. The new enactment was applied to a petitioner whose crime predated it, and it was used to calculate the gain time available to the petitioner. Although other provisions permitted some discretionary gain time to be made up, under the old statute, the petitioner had been automatically entitled to the gain time simply for avoiding disciplinary infractions and performing assigned tasks. The new law thus attached legal consequences to

1  a crime committed before it took effect.  Further, regardless of
2  whether the scheme for gain time was part of the original
3  sentence or not, it in fact determined to some extent the
4  petitioner's prison term and thus substantially and materially
5  altered the consequences attached to the crime.  Thus, it was
6  retrospective.  Id. at 32-33, 35-36.

7      Likewise, in Lynce v. Mathis, 519 U.S. 433 (1997), it was
8  held that application to the petitioner of a post-offense statute
9  that cancelled early release credits that were available based
10 solely on the growth of the state prison population violated the
11 Ex Post Facto Clause of the Constitution because the new statute
12 did not merely remove a mechanism that created an opportunity for
13 early release, but rather rendered ineligible for early release a
14 class of prisoners who were previously eligible for early
15 release.  The new statute may have affected the precise amount of
16 gain time the petitioner received, and thus it lengthened the
17 time the petitioner spent in prison.  Id. at 442-49.

18     Here, the post-offense statute affected the Petitioner's
19 opportunity to earn credits against his sentence.  However,
20 Petitioner has not shown that it deprived him of any credits
21 earned before the new statute took effect; rather, the credit
22 that was taken from Petitioner was credit that began to accrue
23 after January 25, 2010, the effective date of the statute.  (Pet.
24 at 45.)

25     Further, the new law did not change the legal consequences
26 of acts completed before its effective date.  Although
27 Petitioner's gang validation proceeding did occur before the
28 effective date of the new statute, it would nevertheless be

reasonable for the state court to interpret the limitation on earning credit as a consequence not of the gang validation, but rather of Petitioner's own conduct of continuing to associate with a prison gang found to present a threat to institutional security. (Pet. 23.) Under California law, an inmate's gang involvement is considered current if there is any documented gang activity within the past six (6) years, and an associate of a gang is a prisoner involved periodically or regularly with members or associates of a gang; further, regulations provide for procedures for the validation of gang activity or association, and for periodic review of the active or inactive status of gang members or associates. Cal. Code Regs., tit. 15, § 3378(c)-(h). A validated prison gang member or associate shall be considered for release from a SHU after the inmate is verified as a gang dropout through a debriefing process. Cal. Code Regs., tit. 15, § 3341.5(c)(4).

In summary, the statute does not punish inmates for conduct that was completed before the effective date of the statute; thus, it is not retrospective. Cf., Kansas v. Hendricks, 521 U.S. 346, 370-71 (1997) (holding that a state's statute for committing sexually violent predators as applied to a person whose criminal conduct predated the effective date of the statute was not ex post facto in part because it was not retrospective due to the fact that confinement was based on a determination of the person's current mental condition and the resulting likelihood of sexually violent conduct in the future, and not on the commission of conduct predating the enactment).

Therefore, the Court concludes that the application of

11

§ 2933.6 to Petitioner to limit his earning credit after the effective date of the statute was not a violation of the Ex Post Facto Clause.  The state court decision denying Petitioner's ex post facto claim and was not contrary to, or an unreasonable application of, clearly established federal law.

Petitioner has thus not alleged facts that would entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254. Petitioner has provided apparently complete documentation of his gang validation and the resulting credit computation, which shows that the application of § 2933.6 to Petitioner was not retrospective.  Thus, Petitioner could not allege a tenable ex post facto claim even if leave to amend were granted.

Accordingly, it will be ordered that the ex post facto claim be dismissed without leave to amend.

IV.   Due Process Claim concerning Credit Forfeiture

Petitioner alleges generally that applying § 2933.6 to him violated his right to due process of law under the Fourteenth Amendment.

Petitioner's assertion is premised in part on an assumption that application of § 2933.6 to him was retroactive or retrospective.  However, as the preceding analysis shows, it was only Petitioner's conduct of remaining a gang member or associate after the effective date of the statute that was the basis of any limitation on Petitioner's eligibility to earn credit; application of § 2933.6 to Petitioner was thus not retroactive or retrospective.

Further, insofar as Petitioner asserts that application of the statute interfered with sentencing orders, Petitioner alleges

12

no facts in support of his assertion.

Further, Cal. Pen. Code § 2933(a) provides that with respect to persons, such Petitioner, who were convicted of a crime and sentenced to a determinate term pursuant to Cal. Pen. Code § 1170, the California legislature intended that the entire sentence imposed by the court be served except for a reduction in time served in CDCR custody pursuant to § 2933 and 2933.5, the very statutes referred to in § 2933.6.  The statutes are statutes of general operation.  Thus, it is not logically possible that application of § 2933.6 to Petitioner conflicted or interfered with sentencing orders.  Granting Petitioner leave to amend this claim would be futile.

Accordingly, it will be ordered that Petitioner's due process claim concerning interference with sentencing orders be dismissed without leave to amend.

V.   Claims concerning Conditions of Confinement

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriquez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S.

136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Habeas jurisdiction might be predicated on some conditions claims if there is a sufficient nexus to the length of imprisonment or a sufficient likelihood of affecting the overall length of a prisoner's confinement. Docken v. Chase, 393 F.3d 1024, 1030-31 (9th Cir. 2004). However, in this circuit it has also been noted that habeas jurisdiction is absent where a petitioner's challenge will not necessarily shorten the overall sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Here, as the preceding discussion shows, Petitioner was not deprived of earned credit; rather, only his eligibility or capacity to earn credit in light of his gang activity was modified by § 2933.6. Petitioner's remaining claims concern aspects of his custody, such as his privileges and the validity of the processes, determinations, and limitations involved in the gang validation, all of which are matters which may affect the quality of Petitioner's confinement but which do not affect its legality or duration. Thus, with respect to the remaining claims or allegations in the petition, Petitioner's challenges concern only conditions of confinement. Therefore, Petitioner is not entitled to habeas corpus relief on his remaining claims, and they must be dismissed.

In addition, Petitioner's eighth claim that he suffered violations of rights defined by the state constitution should be dismissed without leave to amend. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562

U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

Because the defects in Petitioner's remaining claims arise because of the nature of the claims and not because of any dearth of factual allegations, it does not appear that Petitioner could allege claims entitling him to habeas relief even if leave to amend were granted.

Accordingly, it will be ordered that the remainder of Petitioner's claims be dismissed without leave to amend because they do not entitle Petitioner to relief in a proceeding pursuant to § 2254.

Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk will be directed to send an appropriate form complaint to Petitioner.

VI. Motion for Appointment of Counsel

Petitioner requests the appointment of counsel. (Doc. 1 at 29.)

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g. Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S 823 (1984). However, 18 U.S.C. § 3006A authorizes the

appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.

In the present case, the Court has determined that the petition must be dismissed without leave to amend.  In view of the status of the case, the Court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, Petitioner's request for appointment of counsel will be denied.

VII.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district

16

court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

VIII.  Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend; and

2) Petitioner's motion for appointment of counsel is DENIED; and

3)  The Court DECLINES to issue a certificate of appealability; and

4)  The Clerk is DIRECTED to send to Petitioner a civil

rights complaint form for a person in custody; and

    5)   The Clerk is DIRECTED to close the case because this dismissal terminates the proceeding in its entirety.

    IT IS SO ORDERED.

| Dated: **November 6, 2012** |     /s/ **Barbara A. McAuliffe** |
|---|---|
| | UNITED STATES MAGISTRATE JUDGE |